**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONNELL DAVIS, CDCR #V-72307,<br><br>                              Plaintiff,<br><br>vs.<br><br>LUZIMINDA SAIDRO; P.J. DULATRE,<br><br>                              Defendants. | Case No.:  3:18-cv-02838-LAB-WVG<br><br>**ORDER:**<br><br>**1) DENYING MOTION FOR EXTENSION OF TIME [Dkt. 22];**<br><br>**2) ADOPTING REPORT & RECOMMENDATION [Dkt. 21]; and**<br><br>**3) GRANTING MOTION FOR SUMMARY JUDGMENT [Dkt. 12]** |

   Plaintiff Ronnell Davis, currently incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, filed a Complaint claiming that Defendants Luziminda Saidro and P.J. Dulatre, physicians working at the Richard J. Donovan Correctional Facility ("RJD") where Davis was previously confined, violated Davis's constitutional rights through deliberate indifference to his medical needs. Davis alleges that Defendants stopped administering Coumadin (a brand of the drug warfarin), an anticoagulant prescribed to address Davis's history of deep vein

thrombosis and pulmonary embolism. Defendants moved for summary judgment on April 30, 2020. (Dkt. 12.)

They contend that cessation of warfarin didn't result from indifference but medical necessity. Affidavits and medical records supporting the motion for summary judgment evidence that, after a blood test showed and symptoms suggested that Davis's blood wasn't clotting properly, he refused to submit to further blood tests intended to evaluate whether the warfarin was doing more harm than good.

Since that time, Davis has sought three extensions of time to respond. In declarations accompanying those motions, Davis states that he has not had physical access to the KVSP law library since Defendants filed their summary judgment motion nine months ago. (Dkt. 15 at 2; Dkt. 19 at 2; Dkt. 22 at 2).

Defendants, via a declaration from the KVSP's Senior Librarian, have informed the Court that Davis has had access to library paging services throughout the pandemic—inmates can request photocopies of documents, copies of cases, statutes, or other materials if they provide a precise citation. KVSP has records of only one request from Davis for either form of access while the summary judgment motion has been pending, though.

A court has discretion to determine that a movant has failed to demonstrate good cause for an enlargement of time and, on that basis, refuse to grant an extension. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010). Because the extension isn't a matter of right, the movant can't rely on the pendency of his motion to avoid the consequences of missing the deadline—a court denying that motion for extension of time can leave the old deadline in place. *See, e.g., Markham v. Pima County*, 2019 WL 1099815 (D. Ariz. Mar. 8, 2019) (denying motions for extension of time and adopting report and recommendation granting summary judgment), *aff'd*, 821 F.3d Appx. 716 (9th Cir. 2020).

Davis had over eight months to prepare a response to the motion for summary judgment. His library access has been limited during that period, but only in a manner that would slow his response, not prevent it. He hasn't used the ample time he had to respond, so he hasn't established good cause to extend his deadline any further. The Motion for Extension is **DENIED**. (Dkt. 22.)

Further extension under these circumstances doesn't serve the end of a "just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1. The prior response deadline of January 19, 2021 remains in effect.

Because Davis didn't respond by that deadline, the Court proceeds to consider the Motion for Summary Judgment and Magistrate Gallo's Report and Recommendation on the current record. Upon review of the briefing and exhibits, the Court finds the R&R well-reasoned and agrees with its conclusion that Defendants are entitled to summary judgment on Davis's claim against each of them. The Court **ADOPTS** the R&R, (Dkt. 21), and **GRANTS** Defendants' motion for summary judgment. (Dkt. 12.)

The Clerk is directed to enter judgment in favor of Defendants and close the case.

**IT IS SO ORDERED**.

Dated: February 26, 2021

Hon. Larry Alan Burns
United States District Judge